UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON D. LEWIS,

        Plaintiff,           No. 13-11888

vs.                          Hon. Gerald E. Rosen

DETROIT FIRE DEPARTMENT,

        Defendant.
_____/

OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)(2) AND FED. R. CIV. P. 12(h)(3) AND
<u>ENJOINING FUTURE FILINGS ABSENT LEAVE OF COURT</u>

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 28, 2013

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

On April 26, 2013, Plaintiff Sharon D. Lewis, who has been granted leave to proceed *in forma pauperis*, filed a *pro se* Complaint for Injunctive Relief and Damages under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") against the Detroit Fire Department, seeking to enforce the time requirements under FOIA for producing requested documents concerning conditions at Martin Luther King, Jr. High School in Detroit. Through this Complaint, Plaintiff also seeks damages for the Fire Department's alleged negligence for allowing the school building where Plaintiff worked to remain open during the completion of construction which allegedly resulted in subjecting

1

Plaintiff, other teachers, students and staff to hazardous materials, gas fumes and other foul odors, and electrical and plumbing problems.[1] On May 14, 2013, by way of a Motion to Amend her complaint, Plaintiff added a claim under the Federal Tort Claims Act (the "FTCA") and a conspiracy claim under 42 U.S.C. § 1985.[2] After careful consideration, the Court dismisses Plaintiff's Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Burgery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss *sua sponte* complaints that are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Supreme Court has further defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

---

[1] Plaintiff has filed no less than five complaints concerning building conditions and the treatment afforded her at Martin Luther King, Jr. High School. *See Lewis v. Detroit Public Schools, et al.,* No. 12-11838 (Zatkoff, J.) (summarily dismissed on May 17, 2012); *Lewis v. Detroit Public Schools, et al.,* No.12-11851 (Rosen, J.) (motion to dismiss pending); *Lewis v. Detroit Board of Education, et al.,*No. 12-12865 (Zatkoff, J.) (summarily dismissed on July 26, 2012); *Lewis v. Michigan Occupational Safety and Health Admin.,* No. 13-10889 (Rosen, J.); *Lewis v. Detroit Fire Department*, No. 13-11888 (Rosen, J.).

[2] Because a plaintiff may amend her pleading once as a matter of course within 21 days after service, *see* Fed. R. Civ. P. 15(a)(1)(A), and no response to Plaintiff's original complaint has yet been filed, no motion to amend was technically necessary. Therefore, the Court will grant the Motion to Amend **[Dkt. #3]** and accept as filed the First Amended Complaint for Injunctive Relief and Damages appended thereto.

319, 109 S.Ct. 1827, 1831 (1989).

Moreover, the federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). As provided in 28 U.S.C. §§ 1331 and 1332, federal courts have jurisdiction (1) over civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 ("federal question jurisdiction"), and (2) over civil actions between completely diverse parties where the matter in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction"). Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Additionally, Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss an action if, at any time, it determines it lacks subject-matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3).

Turning to the instant matter, neither Plaintiff's original Complaint nor her First Amended Complaint allege any legally cognizable federal claim.

First, with respect to her FOIA claim for the production of records, Plaintiff claims that the Fire Department failed to produce records that she requested concerning an alleged gas leak at Martin Luther King, Jr. High School. However, as evidenced by the documents appended to Plaintiff's Complaint, in response to her FOIA request, the Fire

Department has produced all records in its possession concerning its investigation, interviews, citations, and any and all violations at Martin Luther King from May 1, 2011 through November 1, 2012. [*See* Complaint, Ex. B]. In that response, the Fire Department also affirmatively stated that, after a diligent search, it was unable to locate any record concerning the gas leak. *Id.*

Under the FOIA, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' " *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *United States Dept. of Justice v. Tax Analysts,* 492 U.S. 136, 142, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989).

However, an agency must possess records in order to improperly withhold them under the FOIA. *See Kissinger*, 445 U.S. at 155; *Sneed v. U.S. Dep't of Labor*, 14 F. App'x 343, 345 (6th Cir. 2001). Because Defendant here has shown that it conducted a good faith search for the requested documents, and no responsive documents were identified, it did not improperly withhold them.

Absent an improper withholding, the Court lacks jurisdiction to devise a remedy. *See Vonderheide v. IRS*, 194 F.3d 1315 (6th Cir.1999) (unpublished) (affirming dismissal for lack of subject matter jurisdiction where "IRS provided evidence in the form of

affidavits that it had conducted a good faith search and that it did not possess the requested documents"); *Robert v. Dept. of Health and Human Servs.*, 78 F. App'x. 146 (2d Cir.2003) (affirming dismissal for lack of subject matter jurisdiction because agency did not possess responsive documents, and plaintiff failed to show any improper withholding).

Plaintiff also has failed to state any cognizable FTCA or Section 1985 claim.

The FTCA only applies to tort claims *against the United States*, a *federal* government agency or a *federal* employee. *See* 28 U.S.C. §§ 2671, 2674-75. The Detroit Fire Department is a municipal agency, not a federal agency. Therefore, there is no legal basis for Plaintiff's claim under this statute.

As for Plaintiff's conspiracy claim under 42 U.S.C. § 1985, to state a cause of action under § 1985, the plaintiff must allege that two or more defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right of a citizen of the United States, and (5) that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 10410, 1050 (6th Cir. 1999); *see also Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007); *Ray v. Foreman*, 441 F.2d 1266 (6th Cir. 1971).

Other than Plaintiff's bald assertion that "42 USC § 1985 applies to civil rights

conspiracy claims" [First Amended Compl., ¶ 1], Plaintiff's Amended Complaint is entirely devoid of any allegations of any "conspiracy" between two or more persons to deprive her of any constitutional right, or that any such conspiracy was motivated by racial or some other class-based discriminatory animus against a cognizable protected class of which she is a member. The bare assertion of applicability of § 1985 does not create a colorable claim under the statute. Although a pro se litigant's complaint is entitled to liberal construction, a court may not abrogate the basic essentials of federal notice pleading, nor re-write a deficient complaint or otherwise serve as counsel for the plaintiff. *See Kampii v. Ghee*, 2000 WL 303018 (6th Cir. Mar. 14, 2000).

The foregoing makes clear that Plaintiff has not asserted any cognizable federal cause of action. At best, Plaintiff's Complaint/Amended Complaint alleges a claim of simple negligence against the Detroit Fire Department. However, this is a state common law claim.[3] As there is no possible basis for Plaintiff to establish complete diversity of citizenship among the parties, this Court lacks jurisdiction to entertain Plaintiff's claim.

For these reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3),

IT IS HEREBY ORDERED that Plaintiff's *ifp* action is hereby DISMISSED, in its entirety.

As indicated above, this is Plaintiff's fifth *ifp* action in which Plaintiff has raised

---

[3] The Court expresses no view as to the merits of such a negligence claim.

the same complaints concerning building conditions and her treatment at Martin Luther King, Jr. High School. This is the third such complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2). (In the two remaining cases, motions to dismiss for failure to state a claim are pending.) Plaintiff's repetitive filing of frivolous lawsuits has wasted a substantial amount of the Court's time and resources. Therefore, the Court finds that an imposition of a bar on Plaintiff's ability to file further lawsuits *ifp* is necessary. Accordingly,

IT IS FURTHER ORDERED that Plaintiff is ENJOINED from filing any future complaints *in forma pauperis* in this district arising out of, or related to, building conditions at Detroit's Martin Luther King, Jr. High School unless Plaintiff receives prior authorization from this Court.

IT IS FURTHER ORDERED that any complaint that Plaintiff seeks to file must be accompanied by an application for permission to file the pleading demonstrating (1) that Plaintiff's allegations are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law and that the factual allegations have, or are likely to have, evidentiary support, and (2) that Plaintiff has not filed the pleading for any improper purpose, including the harassment of any party, the causing of unnecessary delay in this or any other action, or the needless increase in the cost of litigation.

Plaintiff is specifically cautioned that any attempt to file without first securing the required leave of the Court, or any request for leave that is frivolous or appears to have

been submitted for an improper purpose, may result in the imposition of sanctions or the initiation of contempt proceedings.

    SO ORDERED.


                              s/Gerald E. Rosen  
                              Chief Judge, United States District Court

Dated: May 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2013, by electronic and/or ordinary mail.

                              s/Julie Owens  
                              Case Manager, (313) 234-5135